IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | **8:22CV225** |
| vs. | |
| LANCASTER COUNTY OFFICER ROW, | **MEMORANDUM AND ORDER** |
| Defendant. | |

On July 13, 2022, the Court ordered Plaintiff Austin Edward Lightfeather to file a signed motion for leave to proceed in forma pauperis ("IFP") that complies with 28 U.S.C. § 1915 and a signed Complaint within 30 days or face dismissal of this action. Filing No. 9.  On July 20, 2022, Plaintiff filed a signed IFP motion utilizing the Form AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs. However, to date, Plaintiff has not filed a signed copy of his Complaint, Filing No. 1. Plaintiff was specifically warned that failure to correct the defects in both his IFP motion and his Complaint would result in dismissal of the Complaint without further notice. Filing No. 9 at 2.  Thus, the Court will dismiss this matter without prejudice because Plaintiff failed to comply with the Court's orders and file a signed Complaint.

Even if Plaintiff had filed a signed Complaint, the Court concludes this matter would still be subject to dismissal because Plaintiff has "three strikes" and may not proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915(g).  *See Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. § 1915(g)). The Court has carefully reviewed Plaintiff's unsigned Complaint and finds that it

contains no allegations suggesting Plaintiff faces an imminent danger of serious physical injury such that Plaintiff could avoid the three strikes bar in 28 U.S.C. § 1915(g).  Plaintiff's vague allegations that Defendant Officer Row "placed a drug" and "roaches" in Plaintiff's food and allegedly beat Plaintiff in his cell on one past occasion are insufficient to demonstrate that Plaintiff faced an imminent danger of serious physical injury when he filed his Complaint or that he faces a continuing threat of physical injury.  Filing No. 1 at 1–3.  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.").

IT IS THEREFORE ORDERED that:

1.      This matter is dismissed without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this Court's orders.

2.      In light of the dismissal, Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 10, is denied as moot.  Alternatively, Plaintiff's IFP motion is denied pursuant to 28 U.S.C. §1915(g).

3.      The Court will enter judgment by a separate document.

4.      Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 1st day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge